IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------x

CAITLIN ROMANIELLO,

                Plaintiff,                           CIVIL ACTION NO

      vs.                                       COMPLAINT

ACME MARKETS, INC.,
ALBERTSONS COMPANIES, INC.,
ERIC ADAMS, LUIS PEREZ and JOHN DOES
1-3, in their individual and professional capacities,      JURY TRIAL DEMANDED

              Defendants.                   APRIL 18, 2023

-------------------------------------------------------------x

## COMPLAINT

The Plaintiff CAITLIN ROMANIELLO, by and through her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the Defendants ACME MARKETS, INC., ALBERTSONS COMPANIES, INC., ERIC ADAMS, LUIS PEREZ and JOHN DOES 1-3, in their individual and professional capacities, in their individual and professional capacities, respectfully alleges upon information and belief as follows:

## NATURE OF CASE

1.   This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by federal and state law, and complains for causes of action of: (i) discrimination based on sex under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.§§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); (ii) retaliation under Title VII; (iii) discrimination based on sex and disability (requests for reasonable accommodation for mental health) under the Connecticut Fair EmploymentPractices Act, Conn. Gen. Stat. § 46a-60 *et seq.* ("CEFPA"); (iv) retaliation under CEFPA; (v) breach of the covenant of good faith and fair dealing; (vi) negligent supervision, hiring, retention and training; (vii) negligence *respondeat superior*; (viii) intentional

infliction of emotional distress; (ix) negligent infliction of emotional distress and claims only as to Defendant John Doe #2 (first name Steven [last name unknown]) for (x) assault;  (xi) battery; and (xii) any other claims(s) that can be inferred from the facts set forth herein.

2.      Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

3.      Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction as this case involves a federal question under Title VII, 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5.      This Court has supplemental jurisdiction under the State laws of Connecticut. This Court has supplemental jurisdiction over Plaintiff's related claims arising under CEFPA and any and all state and local law pursuant to 28 U.S.C. §1367 (a).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b).  The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of her employment, and Defendant was and is located in this District.

7.      Plaintiff filed claims with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about July 26, 2021, against Acme Markets, Inc. and Albertsons Companies, Inc. (CHRO Case No. 2220026 – EEOC No. 16A-2021-01180 and CHRO Case No. 2220027 – EEOC No. 16A-2021-01181 respectively).

8.      On February 9, 2023 the EEOC issued Plaintiff Notices of Right to Sue annexed hereto as **Exhibit A**.

9.      On January 18, 2023, the CHRO issued Plaintiff Releases of Jurisdiction, annexed hereto as

Exhibit B.

## THE PARTIES

10.    Plaintiff Caitlin Romaniello ("Plaintiff") was and is a resident of the State of Connecticut at all relevant times herein.

11.    Defendant Acme Markets, Inc. ("Acme") is a Delaware corporation, with a business address of 75 Valley Stream Parkway, Malvern, PA 19355 and is registered to received process in Connecticut at c/o C T Corporation System., 67 Burnside Ave., East Hartford, CT 06108.

12.    Defendant Albertsons Companies, Inc., ("Albertsons,") is a Delaware corporation, with a business address of 250 Parkcenter Blvd., Boise, ID 83706.

13.    Upon information and belief, Albertsons is the parent company and owner of Acme.

14.    Upon information and belief, Defendant Eric Adams ("Mr. Adams") was and is a resident of the State of Connecticut and was an Acme/Albertsons employee in Stamford, Connecticut.

15.    Upon information and belief, Defendant Luis Perez ("Mr. Perez") was and is a resident of the State of Connecticut and was/is a Director/Manager of Acme stores in Stamford, Connecticut.

16. Upon information and belief, Defendants John Does 1-3 are individuals residing in the State of Connecticut and were employed with Plaintiff with the Defendants during all relevant times.

## BACKGROUND FACTS

17.    Plaintiff's sex is female and sexual orientation is straight.

18.    Plaintiff suffers from mental health disabilities.

19.    Acme operates supermarket / grocery store chain in several states including Connecticut.

20.    Plaintiff worked for Acme and Albertsons as co-employers.

21.    Acme and Albertsons (collectively where appropriate "Defendants") are co-employers, for

example, Acme used all of Albertsons's policies at the workplace and Acme management communicated exclusively with Albertsons and Acme email addresses, the companies share resources and use the same policies and procedures, Acme uses Albertsons's human resources ("HR") department for personnel matters, Acme uses Albertsons payroll to process employee's pay, among other multiple co-employer factors.

22.    Plaintiff commenced employment with Acme Supermarket location at 1201 High Ridge Rd, Stamford, CT 06905 in or around May 2020.

23.    Plaintiff worked in the Deli, Sanitation, Produce and most recently in the Seafood departments during her employment.

24.    On or around May 25, 2020, Plaintiff requested reasonable accommodations to end her shift 30 minutes early for mental health therapy to department manager, Raul (produce manager [last name unknown]), for a 7:30 AM – 1:30PM shift every Mondays, instead of the 8:00AM-2:00PM shift, for her mental health treatment.

25.    Raul failed to engage in the interactive process with Plaintiff and asked if this was for "every Monday" and Plaintiff said yes for Mondays, and he said, "No way."

26.    Plaintiff suffered further symptoms as described above due to Defendants' failure to engage in the interactive process with Plaintiff and summarily deny her request for reasonable accommodation.

27.    Plaintiff was mercilessly bullied by her co-workers and her managers for example she was screamed at, belittle, picked on, shoved and verbally abused frequently.

28.    For example, while working in produce, Plaintiff's coworker Steve [last name unknown] physically pushed complaint out of her way.

29.    Tony (store asst. manager, gay, Hispanic, male) tried to force Plaintiff to HBA department

(health and beauty) with false promises of getting Plaintiff out of the Seafood department.

30.    Acme's Seafood manager Nahomie (last name unknown) frequently intimidated Plaintiff and got in her face over trivial things.

31.    In or around September 2020, Plaintiff injured her arm at work when produce co-worker Steve kicked the cart that Plaintiff was reaching into to grab a container and didn't stop until she screamed "Ow!", this event was witnessed by produce co-worker Angie Hernandez.

32.    Plaintiff went to the emergency room for her injuries.

33.    Plaintiff submitted a doctor's note to Defendants in October, 2020 specifically citing Plaintiff's lifting restrictions and her limits on performing heavy lifting for her produce job, and informed Defendants' store and produce manager.

34.    Despite her requests for accommodations, Defendants still forced her to lift watermelons and pick up cases and stock heavy produce items.

35.    In or around November and again in December 2020 and thereafter Nahomie would scream and yell at Plaintiff for no reason.

36.    In or around December 29, 2020, Plaintiff complained to Tony (last name unknown) the assistant store manager about Nahomie, to no avail.

37.    In or around January 6, 2021. Plaintiff was sexually harassed by Tony (asst. manager, gay, Hispanic, male) and Eric Sydney (straight, black, male) (frozen manager).

38.    Specifically in the breakroom, while Plaintiff was looking for a water bottle, Tony told Plaintiff to "suck Eric's dick [penis]" stating "just give him [Eric] a blowjob for the water".

39.    Plaintiff was shocked and responded by stating "No!" and immediately left in shock.

40.    Tony came after Plaintiff to get her to come back with him and Eric, as she was walking back

to her workstation.

41.    Eric then came up and handed Plaintiff two water bottles and stated, "just for you."

42.    Plaintiff felt humiliated and embarrassed by the sexual harassment that had just occurred.

43.    Plaintiff wanted to leave the Seafood department, but Tony stated that they "needed a replacement" for her in Seafood department, despite Plaintiff only two short shifts.

44.    Tony continued to act with impunity towards Plaintiff and harassed and intimidated Plaintiff and told her that "it doesn't matter we're gonna do what we want with you".

45.    Tony failed to find a replacement for Plaintiff out of Seafood, despite many workers willing able to fill Plaintiff's Seafood position for her new HBA position.

46.    Plaintiff complained to HR about Tony's comments, thereafter, however the complaint was never investigated, and Plaintiff did not receive any response from the Defendants.

47.    Plaintiff complained in or around February 16, 2021, to Defendants human resources ("HR"), (Complaint number HRC1676976), through Defendants human resources.

48.    Plaintiff specifically complained to HR about the "blowjob" incident and Tony's aggression and harassment towards her.

49.    Upon information and belief Tony told Plaintiff to "suck [Eric's] dick" because Tony is gay and said to Plaintiff because she was straight.

50.    Plaintiff felt targeted by Tony due to her sexual orientation.

51.    Plaintiff complained to HR about managers at the store demanding sexual acts at work.

52.    Tony has a history of sexual harassment at the store with multiple employees and instance of sexual misconduct.

53.    Plaintiff complained to HR about her being in "complete terror and fear" while working at

"ACME has become an increasingly hostile environment."

54.    Defendants HR failed to investigate or respond to Plaintiff's complaints about management sexual harassment.

55.    Defendants created a hostile work environment due to the harassment, sexual harassment, lack of investigation or response to Plaintiff's complaints of sexual harassment and misconduct.

56.    Defendants failed to have an adequate complaint process for victims of sexual harassment in the workplace.

57.    Defendants' managers failed to comply with State of Connecticut CHRO mandatory sexual harassment training.

58.    Defendants' managers acted aggressive and hostile to Plaintiff due to her sex/gender, sexual orientation and prior complaints.

59.    Plaintiff wrote Store Manager Mr. Perez a detailed email complaint on March 19, 2021, including specific allegations of sexual harassment by Tony and Eric, threats to her personal safety and the lack of support from Defendants and the serious toll it has taken on her mental health and that she would be resigning effective April 2, 2021 by way of constructive discharge.

60.    Plaintiff specified that she was being treated differently on the basis of her sex and the effects on her mental health and prior complaints.

61.    Upon information and belief, Mr. Perez has a history of sexual harassment at the store with multiple employees and instance of sexual misconduct.

62.    Mr. Perez did not attempt to reach out to Plaintiff as to any investigation or provide the results into her detailed complaints.

63.    Mr. Perez in no way sought to keep Plaintiff as an employee and simply failed to act in a meaningful way after Plaintiff lodged serious concerns of sexual harassment, discrimination and

personal safety at the workplace.

64.    Plaintiff was constructively discharged on or about April 2, 2021.

65.    Defendants failed to reply to Plaintiff or investigate Plaintiff's complaints in her resignation email to Mr. Perez.

66.    Mr. Perez failed to take any action to root out discrimination and harassment in his store.

67.    Defendants failed to investigate the complaints of Plaintiff throughout her employment and created a hostile work environment.

68.    As a result of Defendants' conduct from being sexually harassed, discriminated on the basis of her gender and mental health, harassed, physically abused, silenced and ultimately forced to resign from her former job at Acme supermarkets in Stamford, Connecticut, Plaintiff has suffered including but not limited to symptoms of elevated anxiety, depression, difficulty sleeping, hypervigilance, nightmares, panic attacks, and challenges trusting others and feeling physically and emotionally safe.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII as to the employer Defendants only

69.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.    Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

71.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et

seq., by allowing sex/gender discrimination and causing a hostile work environment.

72.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

73.    The employer Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AND FOR A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER TITLE VII
as to the employer Defendants only**

74.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of h[er] employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

76.    The employer Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practice.

77.    Defendant violated the above and Plaintiff suffered numerous damages as a result.

**AS AN FOR THE THIRD CAUSE OF ACTION
DISCRIMINATION IN VIOLATION OF CONN.
GEN. STAT. § 46a60(a)(1) as to the employer
Defendants only**

78.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79.    Plaintiff was treated in a disparate manner in the terms and conditions of their employment,on the basis of sex and mental disabilities, requests for accommodations, and prior

complaints.

80.     The employer Defendants' conduct is unlawful and in violation of CFEPA.

81.     As a result of the employer Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

82.     Plaintiff seeks damages as a result of Defendants' unlawful conduct.

## AS AND FOR THE FOURTH CAUSE OF ACTION
## RETALIATION IN VIOLATION
## OF CONN. GEN. STAT. §46a-60(a)(4) as to the employer Defendants only

83.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84.     Plaintiff engaged in protected activity under the CFEPA by complaining to Defendant about harassment and discrimination.

85.     Defendant created a hostile work environment due to Plaintiff's employment because of her prior complaints.

86.     The adverse employment actions to which Plaintiff was subjected were the direct consequence and in retaliation for Plaintiff's opposition to unlawful discrimination.

87.     The Defendants' actions violate CFEPA.

88.     As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

## AS AND FOR THE FIFTH CAUSE OF ACTION BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (as to the employer Defendants Only)

89. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90. The contractual relationship between the plaintiff and defendant included an implied covenant of good faith and fair dealing.

91. Based on said Covenant, Plaintiff has a reasonable expectation that the Defendant employer would treat the Plaintiff fairly and perform its obligation with fairness and good faith.

92. Defendant's bad faith impeded the plaintiff's ability to either perform her duties of employment or avail herself of the full benefits of employment.

93. The Defendant engaged in bad faith, as a consequence of agents and employees having engaged in retaliation, discrimination, harassment and creating and maintaining a hostile work environment.

94. By virtue of the defendant's actions, Plaintiff has been denied the reasonable opportunity to perform her obligation under her at-will contract for employment with the defendant.

95. The bad faith acts of the Defendant as alleged do not represent legitimate business decisions.

96. The terms of employment did not permit the Defendant 's actions and omissions with respect to the Plaintiff's employment.

## AS AND FOR THE SIXTH CAUSE OF ACTION NEGLIGENT SUPERVISION, HIRING, RETENTION AND TRAINING
### (as to the employer Defendants Only)

97. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

98. The Defendants are responsible for the training and supervision of all employees, agents,

contractors and subcontractors who manage the premises including but not limited to the employee safety and have a duty to stop/prevent unlawful and/or tortious acts from occurring on the premises.

99. The actions of the individual Defendants are the responsibility of and are imputed to and binding upon the employer Defendants.

100.    The employer Defendants have a duty to prevent employees/servants/agents, including the individual Defendants from acting or engaging in unlawful and/or tortious conduct.

101.    Defendants' negligence in hiring, supervising, and retaining employees/servants/agents that engaged in tortious and/or otherwise unlawful conduct was the direct and proximate cause of Plaintiff's injuries.

102.    The employer Defendants' owners are liable jointly and severally for damages resulting from the individuals Defendants' negligent actions/omissions.

103.    Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

104.    As a direct and proximate result of the Defendants' actions Plaintiff suffered apprehension of imminent harm and emotional distress therefrom.

**AS AND FOR THE SEVENTH CAUSE OF ACTION**
**NEGLIGENCE RESPONDEAT SUPERIOR**
**(as to the employer Defendant Only)**

105.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

106.    The employer defendants owed Plaintiff a duty from employees/agents acting or engaging in unlawful and/or tortious conduct against Plaintiff.

107.    The individual defendants committed torts against Plaintiff within the scope of their employment.

108.    The harm to Plaintiff from the individual defendants was foreseeable to the employer defendants.

109.    Plaintiff suffered damages as a result.

<u>**AS AND FOR THE EIGHTH CAUSE OF ACTION**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>
<u>**(as to all individual Defendants)**</u>

110.    Defendants' conduct was extreme and outrageous.

111.    As described above, Defendants willfully intended to cause Plaintiff emotional distress.

112.    Defendants' actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

113.    Defendants' actions did in fact cause the Plaintiff to suffer severe emotional distress.

<u>**AS AND FOR THE NINTH CAUSE OF ACTION**</u>
<u>**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**</u>
<u>**(as to all individual Defendants)**</u>

114.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

115.    As described above, the individual Defendants knew or should have known that they intended to cause Plaintiff emotional distress.

116.    Defendants' conduct was extreme and outrageous.

117.    Plaintiff was in the zone of danger from Defendants' actions, and it could be foreseeable that their actions could or would cause emotional distress upon the Plaintiff.

118.    Defendants in perpetrating the above-described conduct, inflicted emotional distress as a result of terminating Plaintiff accusing of her of malfeasance and forcing her out of the workplace after she complained.

119.    Defendants' actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

120.    Defendants' actions did in fact cause the Plaintiff to suffer severe emotional distress.

## AS AND FOR THE TENTH CAUSE OF ACTION
## ASSAULT
### as to individual Defendant John Doe #2 only

121.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

122.    Defendant intended to cause a harmful or offensive contact or an imminent apprehension of such contact with Plaintiff.

123.    Plaintiff was put in imminent apprehension ass a result of the contact.

124.    Plaintiff suffered damages as a result of said tortious conduct.

## AS AND FOR THE ELEVENTH CAUSE OF ACTION
## BATTERY
### as to individual Defendant John Doe #2 only

125.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

126.    Defendant made offensive and unwanted contact with Plaintiff.

127.    Plaintiff suffered damages as a result of said tortious conduct.

## DEMAND FOR A JURY TRIAL

128.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned federal; and state laws;

B.      Awarding Plaintiff compensatory damages;

C.      Awarding Plaintiff punitive damages;

D.      Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

E.      Pre-judgment and post-judgment interest, as provided by law; and

F.      Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: New York, New York
        April 18, 2023

                                Respectfully submitted,

                        By:     *Christopher J. Berlingieri*
                                CHRISTOPHER J. BERLINGIERI, ESQ.
                                (ct 30335)
                                BERLINGIERI LAW, PLLC
                                *Attorney for Plaintiff*
                                244 Fifth Avenue, Suite F276
                                New York, New York 10001
                                Tel.: (347) 766-5185
                                Fax: (914) 730-1044
                                Email: cjb@nyctlaw.com

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/09/2023

**To:** Caitlin Romaniello
46 Jay Road
Stamford, CT 06905

Charge No: 16A-2021-01181

EEOC Representative and email:     AMON KINSEY
Supervisory Investigator
amon.kinsey@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
02/09/2023

Timothy Riera
Acting District Director

**Cc:**
Christopher Berlingieri
BERLINGIERI LAW PLLC
244 Fifth Avenue, Suite F276
New York, NY 10001

Albertsons Companies, Inc
250 Parkcente Blvd.
Boise, Idaho 83706

Please retain this notice for your records.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/13/2023

**To:** Caitlin Romaniello
46 Jay Road
Stamford, CT 06905

Charge No: 16A-2021-01180

EEOC Representative and email:   AMON KINSEY
Supervisory Investigator
amon.kinsey@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
02/13/2023

Timothy Riera
Acting District Director

**Cc:**
Christopher Berlingier
244 Fifth Avenue, Ste. F276
New York, NY 10001


Acme Markets, Inc.
75 Valley Stream Parkway, Po Box 3010
Malvern, PA 19355


Please retain this notice for your records.

# EXHIBIT B

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Caitlin Romaniello
**COMPLAINANT**

                                        CHRO No. 2220026

vs.                                    EEOC No. 16A-2021-01180

Acme Markets, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

                                        _Tanya A. Hughes_
                                        _____

**DATE:** January 18, 2023                Tanya A. Hughes, Executive Director

Service:
**Complainant:** Caitlin Romaniello (Via Email - caitlinromaniello@yahoo.com)
**Complainant's Attorney**: Christopher J. Berlingieri, Esq. (Via Email – cjb@nyctlaw.com)
**Respondent's Attorney:** Lori B Alexander, Esq. (Via Email – lalexander@littler.com)
                                Kyle G. Roseman, Esq. (Via Email – kroseman@littler.com)

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Caitlin Romaniello
**COMPLAINANT**

CHRO No. 2220027
vs.                                                           EEOC No. 16A-2021-01181

Albertsons Companies, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** January 18, 2023                         Tanya A. Hughes, Executive Director

Service:
**Complainant:**  Caitlin Romaniello  (Via Email - caitlinromaniello@yahoo.com)
**Complainant's Attorney**:  Christopher J. Berlingieri, Esq. (Via Email – cjb@nyctlaw.com)
**Respondent's Attorney:**  Lori B Alexander, Esq. (Via Email – lalexander@littler.com)
                                           Kyle G. Roseman, Esq. (Via Email – kroseman@littler.com)